# A2

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE KALAMAZOO

APRIL A. PATTERSON,
                    Plaintiff,

v.

MCDONALDS CORPORATION,

                    Defendant.

_____/

D08-0452

Case #        CD
Hon.
    ALEXANDER C. LIPSEY

Kevin S. Anderson (P48851)
KEVIN S. ANDERSON, PLC
Attorney for Plaintiff
620 Broad Street, STE. 201
St. Joseph, MI 49085
(269) 982-4227

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.

### Jurisdiction

NOW COMES, Plaintiff April A. Patterson, complaining of Defendant McDonalds Corporation, and states:

1. Defendant is a Delaware Corporation doing business in Michigan as a Michigan employer with facilities located in Kalamazoo County, Michigan.

2. Plaintiff is a resident of Kalamazoo County, Michigan.

KEVIN S. ANDERSON, PLC

3. The events giving rise to this action occurred in Kalamazoo County, Michigan.

4. The amount in controversy exceeds the sum of $25,000.00

### Background Facts

5. Plaintiff began working for the Defendant on or about October 5, 2005 at a facility located at 6820 West Main Street, Kalamazoo, Michigan.

6. Plaintiff worked for the Defendant primarily in performing meal preparation and providing counter service.

7. During the course of that employment, beginning on October 31, 2005, Plaintiff, a single mother of one minor child, notified appropriate senior officials of the Defendant of circumstances of sexual harassment that created a hostile work environment involving the aggressive and unwelcome conduct of a co-worker, Foster Worthington.

8. Plaintiff's co-worker, Foster Worthington, made verbally harassing comments of a sexual nature to Plaintiff on October 31, 2005 and touched Plaintiff's buttocks with his hand.

9. The Defendant did nothing to remedy the conduct despite Plaintiff's immediate complaint to the Defendant's onsite manager, Denise.

10. Plaintiff subsequently complained to another manager, Chris Peas when nothing was done initially.

11. The Defendant again took no action to remedy the situation and the conduct continued including an incident on December 4, 2005 when Plaintiff's co-worker Foster Worthington trapped her in a closet at the facility during working hours.

12. Plaintiff continued to express her complaints to management but no action was taken.

KEVIN S. ANDERSON, PLC

13. On January 5, 2006, while at work, Plaintiff's co-worker Foster Worthington jumped unexpectedly onto Plaintiff's back, he swiftly reached around and grasped Plaintiff's breasts and then put her into a headlock causing Plaintiff to suffer a significant back injury.

14. While the Defendant failed to take prompt and effective remedial action in the face of Plaintiff's multiple and ongoing complaints it did suspend her from work when she reported the January 5, 2006 incident to law enforcement authorities.

## Elliott-Larsen Civil Rights Act
## Count I

15. Plaintiff incorporates by reference Paragraphs 1 through 14.

16. Defendant McDonalds Corporation is an employer as defined in Michigan's Elliott-Larsen Civil Rights Act (the Act), MCLA 37.2301, 2401, MSA 3.548(301), (401).

17. Defendant's management personnel, Denise and Chris Peas are persons, as that term is defined in the Act, and are agents of Defendant McDonalds Corporation.

18. During the course of her employment Plaintiff was subjected to unwelcome comments and physical touching of a sexual nature that created for her a sexually hostile work environment.

19. Plaintiff's complaints to management were ignored and resulted in no remedy.

20. Plaintiff's submission to or rejection of the circumstances that created a hostile work environment was used as a factor in decisions affecting Plaintiff's employment.

21. Defendant violated the Act and deprived Plaintiff April A. Patterson of her civil rights by, among other things,

   (a) subjecting Plaintiff, because of her sex, to conduct and communication of a physical and sexual nature, including unwelcome physical contact, and other

KEVIN S. ANDERSON, PLC

3

verbal and physical conduct or communication of a sexual nature, which had the purpose and/or effect of substantially interfering with Plaintiff's employment or creating an intimidating, hostile, or offensive employment environment, and

(b) allowing and/or failing to stop harassment of Plaintiff, and

(c) allowing and/or failing to stop unwelcome physical contact with Plaintiff.

22. As a direct and proximate result of Defendant's violation of the Act, Plaintiff April A. Patterson has suffered severe embarrassment, humiliation, mental and emotional distress and anguish, physical injury resulting in substantial missed work, loss of earnings, loss of earning capacity, and has incurred and shall continue to incur substantial medical expenses.

### Intentional Infliction of Emotional Distress
### Count II

23. Plaintiff incorporates by reference Paragraphs 1 through 22.

24. Defendant McDonalds Corporation's conduct toward Plaintiff was extreme and outrageous.

25. Defendant McDonalds Corporation intended to cause Plaintiff extreme emotional distress or acted with disregard for that likelihood.

26. As an actual and proximate result of Defendant McDonalds Corporation's unwelcome, unlawful and inappropriate conduct Plaintiff suffered severe emotional distress resulting in severe embarrassment, humiliation, mental distress and anguish.

4

**Prayer for Relief**

WHEREFORE, Plaintiff demands judgment against Defendant for whatever amount in excess of $25,000 she is found to be entitled, together with costs and reasonable attorney fees.

Dated: 7/29/08

Respectfully submitted,

KEVIN S. ANDERSON, PLC

By: Kevin S. Anderson (P48851)
Attorney for Plaintiff
620 Broad Street, Ste. 201
St. Joseph, MI 49085
(269) 982-4227

**Jury Demand**

Plaintiff requests that this matter be scheduled for a trial by jury.

Dated: 7/29/08

Respectfully submitted,

KEVIN S. ANDERSON, PLC

By: Kevin S. Anderson (P48851)
Attorney for Plaintiff
620 Broad Street, Ste. 201
St. Joseph, MI 49085
(269) 982-4227

5